Filed 1/26/16  P. v. Flores CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063131 |
| v. | (Super.Ct.No. FSB1202628) |
| GREGORY DANIEL FLORES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed with directions.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, and Annie Featherman Fraser, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION

This appeal involves additional errors in sentencing and the abstract of judgment after an earlier appeal, E057411. Defendant and the People both agree that the trial court erred in not amending the abstract of judgment and in its sentence for false imprisonment.

In 2012, a jury convicted defendant Gregory Daniel Flores of three gang-related crimes: false imprisonment, making criminal threats, and street terrorism. (Pen. Code, §§ 186.22, 236, and 422.)[1] In defendant's first appeal, this court ordered the trial court to amend the abstract of judgment to reflect defendant's conviction for false imprisonment instead of kidnapping and to sentence defendant correctly for false imprisonment. (E057411, p. 20.) The parties agree, and we concur that, upon remand, the trial court did not follow the directions given by this court in the first appeal. We affirm the judgment but remand again for the trial court to correct the abstract of judgment and to resentence defendant on false imprisonment.

# II

## BACKGROUND

As set forth in the statement of facts in the previous opinion, defendant committed his crimes while trying to collect a gang-related debt of one or two hundred dollars. (Case No. E057411, pp. 3-5.)

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

In September 2012, a jury convicted defendant of false imprisonment, making criminal threats, and street terrorism. (§§ 186.22, 236, and 422.) The jury also found true the allegations of gang-related conduct on counts 1 and 2. (§ 186.22, subd. (b)(1).)

The Three Strikes Reform Act of 2012 was enacted, effective November 7, 2012. (§ 1170.126.) On January 4, 2013, the court sentenced defendant. The court imposed a sentence for false imprisonment of 25 years to life, plus a four-year gang enhancement.

In defendant's previous appeal, this court remanded so that the trial court could correct the abstract of judgment to reflect that defendant was convicted of "false imprisonment not kidnapping. . . . Additionally, the court should resentence Flores on the false imprisonment conviction, according to the Three Strikes Reform Act." (E057411, p. 20.) The opinion was filed on October 10, 2014.

On November 12, 2014, defendant filed a petition for recall of his sentence under the Three Strikes Reform Act of 2014. (§ 1170.126.)

On January 20, 2015, the trial court enumerated defendant's commitment offenses as criminal threats, kidnapping, and active gang participation, all serious felonies. The court ruled defendant was not eligible for resentencing under section 1170.126, subdivision (e). The court denied his petition.

On April 2, 2015, the trial court conducted a hearing on the remittitur from the Court of Appeal. The trial court did not correct the sentence as directed and did not amend the abstract of judgment to reflect defendant's conviction for false imprisonment instead of kidnapping. Notably, the trial court continued to sentence defendant to 25 years to life for false imprisonment.

3

III

DISCUSSION

Defendant first argues that, because he was convicted of false imprisonment, not kidnapping, the trial court should have granted a hearing on the issue of whether he was entitled to "partial" relief on his 2014 petition. We disagree for at least two reasons. In 2013, defendant already received the benefit of Three Strikes reform. Defendant was sentenced in January 2013 after the passage of the Reform Act of 2012, section 1170.12. Therefore, he is not entitled to resentencing under the subsequent Reform Act of 2014. Furthermore, defendant does not offer any authority to support that he is eligible for "partial" relief under section 1170.126 when he is still ineligible for resentencing because of his additional conviction for making criminal threats. Nevertheless, defendant is still entitled to be resentenced for false imprisonment.

In our previous opinion, this court fully discussed the proper sentence for defendant and concluded the abstract of judgment should be amended to show that defendant was convicted of false imprisonment, not kidnapping, and defendant should be resentenced on false imprisonment. (E057411, pp. 18-20.) The parties are in agreement that defendant should not be sentenced to 25 years to life on false imprisonment and the trial court should make these corrections to the sentence and to the abstract of judgment.

IV

DISPOSITION

We affirm the judgment but remand so the trial court may amend the abstract of judgment to reflect that Flores was convicted of false imprisonment, not kidnapping, and

4

so the court may resentence defendant on false imprisonment and not sentence him to 25 years to life for that crime.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.